## McCARTHY v. BROOKLYN TAXICAB CO.

(Supreme Court, Appellate Division, Second Department.   October. 7, 1910.)

MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—COLLISIONS — NEGLIGENCE.

   In an action for the death of a horse by a collision with a vehicle, evidence *held* not to show that the death of the horse was caused by the collision, defeating a recovery.

   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Municipal Court, Borough of Brooklyn, Third District.

---

Action by Patrick H. McCarthy against the Brooklyn Taxicab Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Benjamin F. Norris, for appellant.

Maurice B. Rich (Isador Goetz, on the brief), for respondent.

RICH, J. This appeal is from a judgment in favor of the plaintiff, in an action brought to recover damages alleged to have been sustained in consequence of the negligence of the driver of one of the taxicabs owned and operated by the defendant, which it is claimed resulted in the killing of one of plaintiff's horses.

The judgment must be reversed, upon the sole ground that the evidence was insufficient to show that the death of the horse was caused by the collision. There is no proof of injury of any kind to the horse. The evidence is limited to the single fact that when the truck was overturned the horse was thrown to the ground. He was assisted to his feet, apparently all right, and walked to his stable, where he was fed and watered. It is not proven that he was bruised, or that there was any indication in his appearance or acts indicating his injury. The plaintiff says he looked all right, that he fed and watered him, and he ate everything given him. The next morning he did not eat his oats. No veterinary was called before or after his death. The plaintiff mixed liquor with his food, and he died in the afternoon. None of the symptoms or actions of the horse during his sickness or death are shown, and there is nothing to indicate the cause of his death, or connect it in any manner with the accident, except that he was then thrown to the ground by the tipping over of the truck. This evidence is insufficient to establish the conclusion of the jury that the death of the plaintiff's horse was caused by the accident, and as the damages recovered represent the value of the horse, to which a recovery was limited by the trial court, the verdict is without evidence to sustain it, and the judgment must be reversed.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide the event. All concur.